IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* Karen Miniex, PLAINTIFF | § § § § | |
| V. | § § | Civil Action No. 4:18-cv-1609 |
| HOUSTON HOUSING AUTHORITY; CITY OF HOUSTON; J. ALLEN MANAGEMENT CO., INC.; ALLIED ORION GROUP; ORION REAL ESTATE SERVICES TEXAS, LLC; THE LYND COMPANY; CF REAL ESTATE SERVICES LLC (formerly CF LANE INC.); and TARANTINO PROPERTIES, INC., DEFENDANTS | § § § § § § § § § | JURY TRIAL DEMANDED |

**DEFENDANTS, ALLIED ORION GROUP AND ORION REAL ESTATE SERVICES TEXAS, LLC'S REPLY IN SUPPORT OF FRCP 12(b)(6) AND FRCP 9(b) MOTION TO DISMISS THIRD AMENDED COMPLAINT**

# TABLE OF CONTENTS

TOPICS                                                                                                                              PAGES

INTRODUCTION ................................................................................................................ 3

BACKGROUND FACTS..................................................................................................3

RELATOR'S RESPONSE DOES NOT RECTIFY THE DEFICIENCIES IN HER

PLEADINGS………………............................................................................................. 4

CONCLUSION ...………….............................................................................................. 7

# INTRODUCTION

## TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

*COMES NOW* Defendants, Allied Orion Group and Orion Real Estate Services Texas, LLC (collectively "Orion"), and files this Reply in Support of its FRCP 12(b)(6) and FRCP 9(b) Motion to Dismiss Third Amended Complaint, and respectfully asks that the Court dismiss Plaintiff's claims against Orion.

## BACKGROUND FACTS

1. Plaintiff brings a *qui tam* complaint on behalf of the Government for violation of the False Claims Act, 31 USC §§ 3729-32. Plaintiff filed her Original Complaint on May 16, 2018, against the City of Houston and Houston Housing Authority. On August 4, 2020, Plaintiff filed a Third Amended Complaint to include Orion as a Defendant along with several other PMC's.

2. Absent even a scintilla of relevant evidence, Plaintiff improperly and summarily stated that "[T]he past, present, and continuing relations and dealings by and between these related entities are so inextricably intertwined that the for the purposes of this suit, they should be considered as a single entity at law and equity." *See* Plaintiff's Third Amended Complaint, p. 6, ¶ 16.

3. Orion is an independent contractor as the Property Management Company for HHA. In the course of the arrangement between the Houston Housing Authority and Orion, Orion engaged in the process of procurement of various contractors to meet the continuous operational needs of the property that was being managed.

4. Plaintiff has alleged that during the course of Orion's role as a Property Management Company for HHA, Orion has engaged in transactions that failed to adhere to the procurement laws and regulations as outlined with the Houston Housing Authority. Plaintiff alleges that Defendant HHA tasked the Defendant PMCs to provide specific procurement duties

in 2013. Plaintiff further claims that, due to the alleged actions, defendants have submitted false statements, records, and claims, causing a violation of the False Claims Act. *See* Plaintiff's Third Amended Complaint. Plaintiff's pleadings are heavy on conclusory allegations and legal conclusions that collapse under contradictions in their pleadings, exhibits, and lack of actual facts.

5. Plaintiff's sole *'evidence'* of these allegations is referred to in the pleadings as "Actionable Conduct" and simply addresses that there was an "A/C Repair: Install Compressors at Cuney Homes by Atex Air Company" on June 14, 2013, and "Pressure wash… at Cuney Homes by QT Pressure Wash" on July 3, 2013. Aside from vaguely addressing an Orion managed property in this instance, Plaintiff fails to include any relevant information that rises to the basis of a violation of the False Claims Act.

6. The Plaintiff's allegations in the Third Amended Complaint fail to focus on particularized issues that build to the False Claims Act as it relates to Defendant Orion and attempts to unjustly hold Orion liable for the "alleged" actions of various unrelated entities. The conclusory and questionable allegations set forth primarily against the Houston Housing Authority should in no way impugn liability upon Orion, and Plaintiff has therefore failed to state a plausible claim for which relief may be granted under the False Claims Act.

**RELATOR'S RESPONSE DOES NOT RECTIFY THE DEFICIENCIES IN HER PLEADINGS**

7. Although Relator insists Orion "habitually" and "repeatedly" violated federal procurement laws, Relator fails to submit anything to the Court that would actually follow up those conclusory statements with any examples to substantiate her claim. Plaintiff has merely provided conclusory allegations that she is unable to prove. Relator wants the Court to accept that there are widespread violations of the False Claims Act and then fails to submit one claim that was submitted and paid based on any violation. Even if you follow Relator down this rabbit hole filled with vague emails

with multiple levels of hearsay and unexplained printouts, she still does not reach the bare minimum required for a False Claims Act violation.

8. Relator submits to the Court in Exhibit L an email from a staff attorney to her as evidence of fraudulent behavior. However, in the email, the staff attorney asks the Relator who served as Vice President and General Counsel if he could audit the procurement for any violations. Although Relator had the authority to conduct the audit or notify Orion if there were any violations, she did nothing. If Relator did not think the email was important enough to take any action at the time, it is disingenuous for her to now ask the Court to accept them as the basis of some grand scheme to defraud the Government.

9. As indicated in Exhibit L to Plaintiff's Third Amended Complaint, Relator's staff attorney admitted there was no proof to any allegations of "bid splitting." The staff attorney questioned the multiple layers of hearsay regarding procurement stating, "don't know how much truth there is to what Bill was saying…". Shockingly Relator now submits that email as actual proof of the serious accusation of fraud.

10. Relator alleges she not only observed this misconduct by Orion as it occurred, but she also knew Orion's business practices, was privy to internal meetings, discussions, and communications involving Orion and other PMC's misconduct *See* Dkt. No. 80, p. 7, ¶ 1. As the Vice President and General Counsel of the Houston Housing Authority, Relator Karen Miniex had the full authority to conduct audits and stop any breaches of the contracts. Relator paints a picture of widespread misconduct, so it boggles the mind that she failed to produce any particulars of this misconduct. Relator submitted no dates, times, or names of people involved in these accusations and produced no actual communication between anybody associated with Orion that demonstrated a scheme to defraud. Relator's "smoking gun" was submitted as her Exhibit K, which details how Orion

stopped a procurement because they found a problem and started the entire process all over again to ensure that the procurement was correct.

11. Nonetheless, Relator argues that its pleadings satisfy Rule 9(b)'s heightened pleading requirement because she asserted "specific examples of how Orion failed to follow federal procurement regulations and illegally awarded subcontracts using taxpayer dollars." *See* Dkt. No. 80, p. 7 ¶ 1. But as explained by Orion in its Motion to Dismiss, Relator's generalizations and attempt to conflate the parties is an obvious attempt to hide pleadings that lack the necessary specificity to state a claim. The rare times when Orion's name does appear, it is never mentioned in a way that demonstrates any violation of the False Claims Act. There are no allegations regarding "the who, what, when, and where" of a single act (let alone habitual acts) committed by Orion. *United States ex rel. Integra Med Analytics, LLC v. Baylor Scott & White Health*, 816 Fed. App'x 892, 896- 97 (5th Cir. 2020). There are no allegations regarding "the linchpin of an FCA claim," specifically an allegation of the "time, place and contents of the false representations" Orion purportedly made. *US ex rel. Rafizadeh v. Cont'l Common, Inc.*, 553 F.3d 869, 873 (5th Cir. 2008). There are no allegations meeting the "demanding" and "rigorous" materiality standard whereby Orion did more than violate a regulation (which is not even alleged) but engaged in fraudulent conduct that had "a natural tendency to influence, or [was] capable of influencing, the payment or receipt of money or property." *See United States ex rel. Porter v. Magnolia Health Plan, Inc.*, 810 Fed. App'x 237, 240 (5th Cir. 2020).

12. Relator asserts that Orion's "grouping" argument is a red herring. Relator is wrong. "General allegations, which lump all defendants together and fail to segregate the alleged wrongdoing of one from those of another, cannot meet the requirements of Rule 9(b)." *Gonzalez v. Bank of Am.*, CV H-09-2946, 2011 WL 13261985, at *6 (SD Tex. Feb. 20, 2011) (citation

omitted); *United States ex rel. Emerson Park v. Legacy Heart Care, LLC*, 3:16-CV-0803- S, 2019 WL 4450371, at *3 (ND Tex. Sept. 17, 2019) (holding, in a FCA case, that the "requirements of Rule 9(b) must be met for each defendant.").

13. Relator relies on this Court's opinion in *US ex rel. Tucker v. Christus Health* as establishing that generic, lumped together allegations regarding defendants satisfy Rule 9(b). CIV.A. 09-1819, 2012 WL 5351212 (SD Tex. Oct. 23, 2012). However, in that case, the Relator (1) "identifie[d] by name individuals who participated in submitting the false claims to Medicare, and she describe[d] the manner in which the Medicare billing was false and/or fraudulent," (2) "adequately alleged the complicated relationship among the four remaining Defendants," and (3) asserted "certain allegations are against only certain Defendants, while others are asserted against Defendants as a group." Id. at *4. Here, Relator (1) did not identify a single individual related to Orion who participated in submitting any false claims, (2) did not allege facts regarding any "complicated relationship" among the Defendants; instead, only conclusory asserting the Defendants interactions are "inextricably intertwined" but without any allegation supporting that the Defendants ever even interacted, and (3) did not assert certain allegations against Orion. Hence, the present case is similar to *Bradley v. Phillips Petroleum Co.*, where this Court concluded the plaintiffs failed "to specify which Defendant(s) engaged in the alleged conduct or what perceived wrong each Defendant committed," noting that plaintiffs "cannot avoid Rule 12(b)(6) by 'lumping together the defendants." 527 F. Supp. 2d 625, 649 n.46 (SD Tex. 2007).

## CONCLUSION

In conclusion, Plaintiff's claims are fundamentally defective and meritless, and Plaintiff has failed to state any claim upon which relief can be granted. Therefore, Orion respectfully prays that this Court grant its Motion to Dismiss, dismiss all of Relator's claims against Orion with

prejudice, or alternatively without prejudice, and grant such other and further relief to which it may be justly entitled.

Respectfully submitted,

**The Fulton Strahan Law Group PLLC**
7676 Hillmont Street, Suite 191
Houston, Texas 77040
Tel: (713) 589-6964
Fax: (832) 201-8847

By:_____
Kevin Fulton
Southern District ID: 1127417
Email: kevin@fultonstrahan.com
Attorney for Defendants, Allied Orion Group and Orion Real Estate Services Texas, LLC

9 | Page

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2021 a true and correct copy of the above and foregoing document was served on all parties in accordance with the Texas Rules of Civil Procedure.

By:_____
Kevin Fulton