United States District Court  Southern District of Texas

United States District Court
Southern District of Texas
**ENTERED**
May 27, 2021
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| United States of America, *ex rel.*, Karen Miniex, | § § § | |
| Plaintiffs, | § § | |
| *versus* | § § | Civil Action H-18-1609 |
| Houston Housing Authority, *et al.*, | § § § | |
| Defendants. | § § | |

## Opinion on Dismissal

1.  *Background.*

    The Houston Housing Authority receives funding from the United States Department of Housing and Urban Development to build and maintain public housing and voucher programs. In receiving this money, the Authority must follow various laws and regulations, including when it procures contracts.

    Property Management Companies – including J. Allen Management Co., Inc.; Allied Orion Group, LLC; Orion Real Estate Services Texas, Inc.; The Lynd Company; and Tarantino Properties, Inc. – run the daily operations of the public housing properties.

    From 2013 to 2016, Karen Miniex was the general counsel and director of procurement for the Authority. After noticing procurement compliance issues that violated the Department's rules on service contracts, she raised them with the Authority's leadership.

    In December 2016, after investigating the Authority's procurement compliance, the Department's Inspector General issued a report that concluded that $350,000 in costs were unaccounted for, which the Authority reimbursed.

On May 16, 2018, Miniex sued: (a) the City of Houston, (b) the Houston Housing Authority, (c) J. Allen Management, (d) Allied Orion Group, (e) Orion Real Estate Services Texas, (f) The Lynd Company, and (g) Tarantino Properties for violating the False Claims Act, 31 U.S.C. § 3729(a)(1)(A)-(C). The defendants have moved to dismiss for failure to state a claim and under federal rule 9(b). They will prevail.

2. *False Claims Act.*

To describe a claim under the False Claims Act, Miniex must have adequately pleaded facts that the defendants: (a) made a false statement or engaged in fraudulent conduct; (b) with the required scienter; (c) that was material; and (d) caused the government to pay out money or to forfeit moneys due.[1] Under federal rule 9(b), these facts must have been pleaded with particularity.

A. *City of Houston.*

The sole basis that Miniex has pleaded holding the City liable is that the City controls the Authority. She argues that vicarious liability applies because the mayor appoints the commissioners that sit on the Authority's board, and the City controls the direction of the Authority.

The Authority and its workers are not employees of the City. Merely appointing the board members is inadequate. Miniex has pleaded no facts that the City controls the Authority's activities. The City and the Authority share no officers or employees. Blanket assertions of control are insufficient.

Miniex has pleaded no facts of a single act by the City or its workers relating to the procurement process or that it made a claim for payment. This is clearly insufficient under the heightened particularity standard.

The City will be dismissed.

---

[1] *Abbot v. BP Expl. & Prod., Inc.*, 851 F.3d 384, 387 (5th Cir. 2017).

B.  *Property Management Companies.*

Miniex says that in March 2016, after the Authority delegated procurement authority to the companies, they were required to follow the regulations. She asserts that they violated the regulations when they:

1. "did not understand the regulations, failed to follow fundamental procurement procedures, and award[ed] contracts arbitrarily;"
2. "encouraged contractor[s] to engage in bid splitting;"
3. "hired contractors [to] do work that were not properly licensed;"
4. "allowed contractors to bring children on sight to do labor at [Authority] properties;" and
5. submitted projects below oversight cost and then later increased them without oversight.

Miniex insists the companies then "knowingly made numerous implied false certificates of compliance when they requested funding." She argues this was material and that "if the government had known ... , [it] would not have provided funding."

Miniex has pleaded minimal facts for these claims. Her complaint is full of vague assertions and legal conclusions. The few "examples" of misconduct that she does give sometimes identify a responsible company and act, but otherwise do not give a coherent and plausible picture of which company committed which violation when and with the intent required.

Miniex's blanket assertion that the companies and the Authority "are so inextricably intertwined that for the purposes of this suit, they should be considered as a single entity at law and equity" is clearly not particular. The analysis of alter ego is wrong.

The companies are actual competitors, and Miniex has pleaded no facts that they are colluding to avoid the regulations. This is a prime example of over-pleading. Vague and baseless assertions are clearly not pleading with particularity.

The companies were delegated procurement authority in March 2016. Before then, as they were not bound by the regulations or responsible for procurement, they cannot be liable for violating the regulations – just the Authority could be liable.

J. Allen Management, Allied Orion Group, Orion Real Estate, Tarantino Properties, and The Lynd Company will be dismissed.

### C. Houston Housing Authority.

Miniex says that the Authority did not comply with the regulations when it: (a) "routinely failed to obtain an [independent cost estimate] for projects before obtaining bids," (b) allowed "bid splitting," and (c) did not properly oversee the companies after it delegated procurement authority. She asserts that the Authority "had actual knowledge of the falsity … , acted in deliberate ignorance of the truth or falsity of the information, or … acted in reckless disregard of the truth." She insists it was material because if the government had known of the regulatory violations, then it would have denied payment. Miniex finally says that the Authority "presented or caused to be presented false claims for payment or approval."

#### 1. Government Action Provision.

The government action provision bars the claims if: (a) this case is based on the same allegations or transactions as a prior administrative civil money penalty proceeding, (b) that the government was a party.[2]

Miniex argues that the Inspector General's audit was not a penalty proceeding because the Authority merely had to reimburse the government and not pay additional money.

Just because the ultimate conclusion of the audit was that the Authority had to reimburse the government does not mean that it was not a penalty proceeding. The defining characteristic of the "proceeding" is the potential

---

[2] 31 U.S.C. § 3730(e)(3).

consequence. A criminal trial that results in an acquittal would still have been considered a punitive proceeding. The key then is whether a penalty may have been imposed.

It is unquestioned that the Inspector General may impose civil money penalties when he finds evidence of fraud. The Authority was also a party to the audit. The vast majority of the "actionable conduct" that Miniex has pleaded is copied from the Inspector General's report – making it clear that this case is based on the same allegations and transactions.

Miniex's claims will be barred by the government action provision.

2.   *Federal Rules 9(b) and 12(b)(6).*

If the court were to have found the government action provision inapplicable, Miniex's claims against the Authority would still be dismissed for not being pleaded with particularity.

Miniex again has pleaded largely legal conclusions and vague assertions of scienter and presentment. She gives scarce facts in her "actionable conduct" of what certifications, procurement guidelines, or representations the Authority made or did not follow. A blanket statement that this conduct is material is fundamentally inadequate. The Inspector General's report actually suggests the contrary as the Authority was merely required to reimburse $350,000 of the nearly $10 million investigated. Miniex has pleaded no facts with particularity that could support her claims.

The Houston Housing Authority will be dismissed.

3.  *Conclusion.*

Karen Miniex's claims against the City of Houston, the Houston Housing Authority, J. Allen Management Co., Inc., Allied Orion Group, LLC, Orion Real Estate Services Texas, Inc., The Lynd Company, and Tarantino Properties, Inc., will be dismissed with prejudice.

Signed on May 26, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge