IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* KAREN MINIEX, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 18-1609 |
| v. | § § | |
| HOUSTON HOUSING AUTHORITY; CITY OF HOUSTON; J. ALLEN MANAGEMENT CO., INC.; ALLIED ORION GROUP; ORION REAL ESTATE SERVICES TEXAS, LLC; THE LYND COMPANY; CF REAL ESTATE SERVICES, LLC; and TARANTINO PROPERTIES, INC., | § § § § § § § § § § | |
| Defendants. | § | |

**DEFENDANTS, ALLIED ORION GROUP AND ORION REAL ESTATE SERVICES TEXAS, LLC'S RESPONSE TO PLAINTIFF-RELATOR'S MOTION FOR RECONSIDERATION OR TO ALTER OR AMEND JUDGMENT AND MOTION FOR LEAVE TO AMEND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendants, Allied Orion Group, LLC and Orion Real Estate Services Texas, LLC (collectively referred to as "Orion"), file this Response to Motion for Reconsideration or to Alter or Amended Judgment and Motion for Leave to Amend herein asserted by United State of America, ex rel. Karen Miniex (hereinafter "Relator"), and hereby show the following:

## I. INTRODUCTION

On or about May 16, 2018, Relator filed this lawsuit on behalf of the United States Government, alleging violations of the Federal False Claims Act, 31 U.S.C. §§ 3729- 3732 (hereinafter "FCA"). On August 4, 2020, Relator filed a Third Amended Complaint (hereinafter "TAC") alleging that the City of Houston, the Houston Housing Authority and six separate

property management companies violated the FCA (Doc. 42). On September 28, 2020, Orion filed its Motion to Dismiss discussing in detail the problems and failures with the claims made by Relator See Doc. 62. Instead of amending as a matter of course or seeking leave to amend under Fed. R. Civ. P. 15(a), Relator stood on her clearly deficient TAC and filed a response to Orion's Motion to Dismiss, arguing that her allegations were sufficient as to Orion even though she did not satisfy Rule 9(b)'s heightened pleading requirement. See Doc. 80. In opposing Defendants' motions to dismiss, Relator repeatedly asserted, and continues to assert, the sufficiency of the allegations in Relator's TAC. Indeed, Relator's motion for reconsideration concedes that Relator believed, and still does believe that Relator's complaint "sufficiently states a claim under the FCA." See Doc. 132, p. 8. Unfortunately, Relator did not satisfy Rule 9(b)'s heightened pleading requirement.

This Court carefully analyzed and addressed each and every claim Relator alleged in her TAC and dismissed each as meritless under well-settled law. On May 26, 2021, the Court entered its Order dismissing the Complaint with prejudice (Doc. 127) and on May 27, 2021, the Court issued its Opinion on Dismissal (Doc. 128). Now, Relator files the present Motion for Reconsideration or to Alter or Amended Judgment and Motion for Leave to Amend, arguing that she should be granted leave to file her Fourth Amended Complaint; however, she has failed to file a proposed Fourth Amended Complaint with her Motion that alleges specific facts required under Rule 9(b) as to each Defendant, including Orion. Moreover, Relator does not in any manner describe what the "additional, specific facts" are as to any individual property management company, let alone how she will satisfy Rule 9(b)'s heightened pleading requirement as to Orion. *See United States ex rel. Integra Med Analytics, L.L.C. v. Baylor Scott & White Health*, 816 Fed. App'x 892, 896 (5th Cir. 2020) ("[A] complaint filed under the False

Claims Act must meet the heightened pleading standard of Rule of 9(b).").

## ARGUMENTS AND AUTHORITIES

Relator's generic use of words such as "individually" and "particularly" do not shine any additional light on what the new allegations will be or if they will comply with Rule 9(b) and Rule 12(b)(6). *See Munguia v. Pennymac Loan Services, LLC*, 7:20-CV-00070, 2020 WL 4934593, at *3 (S.D. Tex. Aug. 24, 2020) ("Plaintiff's motion breezily asserts that his motion for leave to amend is 'not frivolous' and 'to serve justice[.]'"). Instead of showing her cards and explaining why they entitle her to a chance to replead, Relator is guardedly suggesting she has cards as to the global group of PMCs and they are good cards. But similar allegations are why her TAC was deficient. In fact, Relator continues to assert that her TAC is sufficient "since all the elements of her claims were specifically pled." Doc. 136 at 8. Despite this being her chance to do so, Relator has provided no indication she can plead a sufficient claim against Orion.

By failing to move for leave to amend in September 2020 when Orion pointed out the clear deficiencies in Relator's TAC, Relator has already caused undue delay—a delay which remains unexplained. *See Ufeli v. Tex. A&M Univ. Sys.*, 2:19-CV-00106, 2020 WL 640697, at *2 (S.D. Tex. Feb. 11, 2020) ("This delay remains unexplained as the motion states only that counsel has now had more time with the case, but it does not state what counsel learned in this time or why he could not have learned it earlier."). Relator claims she possesses concrete factual allegations as to Orion; however, she continues to lump all property management companies together in the TAC and represents that the exhibits to the TAC relate to all the property management companies, when they do not.

Moreover, leave to amend should be denied because of Relator's failure to submit a proposed Fourth Amended Complaint showing that she can cure the deficiencies in her

pleadings and failure to explain in her Motion what specific facts she plans to assert against Orion that can meet the high burden of Rule 9(b). *See Burke v. Ocwen Loan Servicing, L.L.C.*, 19-20267, 2021 WL 1208026, at *4 (5th Cir. Mar. 30, 2021) ("[W]e cannot say the court abused its discretion in denying their request for leave to amend their complaint a second time where their motion did not explain what new facts they would allege nor attach a proposed amended complaint."); *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (concluding district court did not abuse discretion by refusing to grant leave to amend original complaint because plaintiffs "failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and defendants to the substance of their proposed amendment.").

The Court should deny Relator's after-the-fact request to amend her pleading via a motion for reconsideration, which the Court treats as a motion to amend under Federal Rule of Civil Procedure 59(e), because Relator merely seeks to "rehash[] evidence, legal theories, [and] arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Milazzo*, 2012 WL 1867099, at *1 (citing *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003)). "Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly." *Id.* (citing *Templet*, 367 F.3d at 479). Relator's motion, properly considered under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" and it "cannot be

used to raise arguments which could, and should, have been made before the judgment issued." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Accord, *Rosenzweig,* 332 F.3d at 864.

Here, Relator has failed to offer any new evidence nor point to any intervening change in the law. Accordingly, "the Court proceeds to evaluate whether either of the Motions for Reconsideration identifies a manifest error in the Court's findings of law and/or fact." *Daniels v. Texas Dep't of Transportation*, 2017 WL 67926, at *2 (E.D. Tex. Jan. 6, 2017). As discussed in detail herein, no such error exists and thus, Relator's motion to reconsider should be denied.

## CONCLUSION

While it is true that "the considerations for [the] Rule 59(e) motion are governed by [Rule] 15(a)," the caselaw provides that the discretion this Court possesses to deny leave to amend under Rule 59(e) is considerably greater than its discretion to deny leave to amend under Rule 15(a). Rosenzweig, 332 F.3d at 863.

Relator continues to improperly lump all of the PMCs together, fails to explain what facts establish "the who, what, when, and where" of Orion's alleged wrongful acts, and refers solely to Exhibit L of her TAC as proof that all PMCs violated federal procurement regulations even though Exhibit L has already been found insufficient by this Court, and for this reason, the Court should deny Respondent an opportunity to amend. *See Howley v. Bankers Standard Ins. Co.*, 3:19-CV-2477-L, 2021 WL 913290, at *23 (N.D. Tex. Mar. 10, 2021) ("Plaintiff, not Defendant, has the burden, as the movant seeking leave to further amend his pleadings, to establish that allowing him to furtheramend would not be futile.").

Relator should not be allowed a chance to replead and further delay this litigation when she made her request to replead in the same conclusory and vague manner as her deficient

pleading. *See JECO Inv'rs P'ship*, 2020 WL 6322003, at *5 ("[A] proposed amendment is futile unless it contains 'sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009)).

**WHEREFORE, PREMISES CONSIDERED**, Allied Orion Group and Orion Real Estate Services Texas, LLC request that the Court deny the Relator's Motion for Reconsideration or to Alter or Amend Judgment and Motion for Leave to Amend, and for such other and further relief that may be awarded at law or in equity.

Respectfully submitted,

**The Fulton Strahan Law Group PLLC**
7676 Hillmont Street, Suite 191
Houston, Texas 77040
Tel: (713) 589-6964
Fax: (832) 201-8847

By:_____
Kevin Fulton
Southern District I.D.: 1127417
E-mail: kevin@fultonstrahan.com
Attorney for Defendants, Allied Orion Group and Orion Real Estate Services Texas, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2021 a true and correct copy of the above and foregoing document was served on all parties in accordance with the Texas Rules of Civil Procedure.

By:_____
Kevin Fulton